# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLIE LAWUARY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-227-MJR |
| | ) |
| **W. A. SHERROD,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner Charlie Lawuary, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Lawuary is not entitled to relief, and the petition must be dismissed.

Lawuary pleaded guilty to one count of possession with intent to distribute crack cocaine. As part of his plea, he specifically reserved the right to appeal the denial of his motion to suppress; he also reserved the right to appeal his sentence, if the sentencing court found that he had two or more prior felony drug offenses. The trial court made such a finding, determined that he was subject to a mandatory life sentence under 21 U.S.C. § 841(b), and sentenced him accordingly. *United*

*States v. Lawuary,* Case No. 97-cr-30058-RM (C.D. Ill., filed Nov. 17, 1997). On appeal, he argued that probable cause did not exist to arrest him. He also argued that, prior to his guilty plea, he did not receive adequate notice that his prior convictions subjected him to a mandatory life sentence. Each of these arguments was rejected; his conviction and life sentence were affirmed. *United States v. Lawuary*, 211 F.3d 372 (7th Cir.), *cert. denied*, 121 S.Ct. 252 (2000). Lawuary next filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. In that motion, he claimed that he was not allowed to withdraw his guilty plea, that the rule later announced in *Apprendi* should have been applied, and that his trial counsel was ineffective. These arguments were unavailing. *Lawuary v. United States*, 199 F.Supp.2d 866 (C.D. Ill. 2001).

In this case, Lawuary argues that one of his prior convictions should not have been classified as a felony drug offense, and thus he should not have been subjected to a mandatory life sentence. He admits that he failed to raise this claim at an earlier opportunity, but argues that he is "actually innocent" of having two prior felony convictions. The basis for this argument is that for one of those prior convictions, he was sentenced only to a term of probation; thus, because it was not a punishment of more than one year of imprisonment, that conviction was improperly classified as a felony drug offense.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead

must proceed under 28 U.S.C. § 2255.").

Lawuary contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that he may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Lawuary merely misinterprets the language of the defining statute, which states:

> The term "felony drug offense" means an offense that is *punishable by imprisonment for more than one year* under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44) (emphasis added). As clarified by the Supreme Court,

> The term "felony drug offense" contained in § 841(b)(1)(A)'s provision for a 20-year minimum sentence, we hold, is defined exclusively by § 802(44) and does not incorporate § 802(13)'s

definition of "felony." A state drug offense *punishable by more than one year* therefore qualifies as a "felony drug offense," even if state law classifies the offense as a misdemeanor.

*Burgess v. United States*, 128 S.Ct. 1572, 1575 (2008) (emphasis added). The key phrase is "punishable by more than one year;" it does not require that such a sentence was actually imposed or served.

With respect to the conviction in question, in 1993 Lawuary pleaded guilty to the state offense of unlawful possession of a controlled substance. *People v. Lawuary*, Case No. 93-CF-789 (Sangamon County, Ill., March 11, 1994). As clarified by the district court,

> Petitioner was sentenced to eighteen months probation for his first felony drug conviction in case no. 93-CF-789. His probation was revoked and he was sentenced to 2 years in the Illinois Department of Corrections to run concurrently with his second felony drug conviction in case no. 95-CF-413.

*Lawuary*, 199 F.Supp.2d at 870 n. 2. Thus, his first conviction clearly counts as a felony drug offense, even if the sentencing judge in state court initially gave him a more lenient sentence than he could have done.

Therefore, Section 2241 cannot provide Lawuary with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 21st day of May, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**